IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASENGA F. TILI,<br><br>    Petitioner,<br><br>  vs.<br><br>MICHAEL STAINER, Warden,<br><br>    Respondent. | No. C 11-5737 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED IN**<br>**FORMA PAUPERIS**<br><br><br><br>**(Docket No. 3)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. This order directs Respondent to show cause why the petition should not be granted, and grants Petitioner's application for leave to proceed in forma pauperis.

## BACKGROUND

On June 28, 2006, Petitioner was convicted in Alameda County Superior Court of first-degree murder, and allegations of the use of a firearm were found true. On August 18, 2006, the trial court sentenced him to a term of 50 years to life in state prison. Petitioner appealed, and the California Court of Appeal remanded the case to the trial court on the issue of whether Petitioner's right to counsel was violated. After conducting

a hearing, the trial court rejected Petitioner's claim, and Petitioner filed a second appeal.[1] On September 22, 2009, the Court of Appeal affirmed the judgment, and on January 13, 2010, the California Supreme Court denied a petition for review.

      Thereafter, Petitioner filed a petition to unseal identifying information about a juror in the Alameda County Superior Court. That petition was denied on October 29, 2010. On December 8, 2010, Petitioner filed a petition for a writ of mandate in the California Court of Appeal on this issue, but the appellate court denied the petition on December 15, 2010. On December 21, 2010, Petitioner filed a petition for review of that decision in the California Supreme Court, but the petition was denied on January 26, 2011. He then filed a petition for a writ of habeas corpus in the California Supreme Court, and that petition was denied on August 31, 2011.

      On April 13, 2011, while his habeas petition was pending in the California Supreme Court, Petitioner filed a habeas petition in this Court.[2] *See Tili v. McEwen*, Case No. C 11-1911-JSW (PR). Because of the pendency of his state habeas petition, his federal petition was dismissed without prejudice to refiling after the state habeas petition was resolved. *See Sherwood v. Thompkins*, 716 F.2d 632, 634 (9th Cir. 1983) (holding that habeas exhaustion requirement not satisfied if there is pending proceeding in state court, even if issue petitioner seeks to raise in federal court has been finally determined by the highest available state court). On August 4, 2011, Petitioner appealed the dismissal, and his appeal is now pending in the United States Court of Appeals for the

---

[1] Although Petitioner has provided the dates for most of the procedural history, not all of them are included. For example, the dates of the first appeal, the Court of Appeal's remand order, the trial court's hearing on remand, and the trial court's decision following the hearing are not provided. Where the dates have been provided, they are indicated in this order.

[2] April 13, 2011 is the date it is deemed filed under the "mailbox rule" because that is the date it was signed and presumably given to the prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002).

Ninth Circuit. On November 1, 2011, Petitioner signed the instant petition, and it was filed on November 30, 2011.

## DISCUSSION

I      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

Petitioner claims that: (1) he was denied his right to counsel at a critical stage of the proceedings; (2) jury misconduct in the form of tampering deprived petitioner of his right to a fair and impartial jury; and (3) he received ineffective assistance of counsel when his attorneys refused to interview other jurors to investigate possible evidence of prejudice. Liberally construed, these claims are sufficient to warrant a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The application to proceed in forma pauperis (docket number 3) is GRANTED.

IT IS SO ORDERED.

DATED: December 21, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VASENGA F TILI,

        Plaintiff,

  v.

MICHAEL STAINER et al,

        Defendant.

Case Number: CV11-05737 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vasega F. Tili
F41352
P.O. Box 7500
Crescent City, CA 95531

Dated: December 21, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk