1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT
8              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10    VASEGA F. TILI,                     )    No. C 11-5737 (PR)
                                          )
11             Petitioner,                )    **ORDER DENYING MOTION TO**
                                          )    **DISMISS; TO SHOW CAUSE**
12       vs.                              )
                                          )
13    MICHAEL STAINER, Warden,            )    (Docket No. 7)
                                          )
14             Respondent.                )
                                          )
15    _____    )
16
                               **INTRODUCTION**
17
             Petitioner, a prisoner of the State of California proceeding pro se, has filed a
18
      habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of
19
      his state court conviction.  The Court reviewed the petition and ordered Respondent to
20
      show cause why the petition should not be granted based upon the three claims set forth in
21
      the petition.  Respondent filed a motion to dismiss the petition as untimely.  Petitioner has
22
      filed an opposition to the motion.  Respondent was ordered to file a reply brief but he has
23
      not done so or explained why he has not.  For the reasons discussed below, the motion to
24
      dismiss is denied and Respondent is ordered to answer and address the petition on its
25
      merits.
26
                                **BACKGROUND**
27
             On June 28, 2006, Petitioner was convicted in Alameda County Superior Court of
28

1   first-degree murder, and allegations of the use of a firearm were found true.  On August

2   18, 2006, the trial court sentenced him to a term of 50 years to life in state prison.

3   Petitioner appealed, and the California Court of Appeal remanded the case to the trial

4   court on the issue of whether Petitioner's right to counsel was violated.  After conducting

5   a hearing, the trial court rejected Petitioner's claim, and Petitioner filed a second appeal.

6   On September 22, 2009, the Court of Appeal affirmed the judgment, and on January 13,

7   2010, the California Supreme Court denied a petition for review.

8           On December 8, 2010, Petitioner filed a petition for a writ of mandate in the

9   California Court of Appeal seeking to unseal identifying information about a juror.  The

10  Court of Appeal denied the petition on December 15, 2010.  On December 21, 2010,

11  Petitioner filed a petition for review of the Court of Appeal's decision in the California

12  Supreme Court.  The Supreme Court denied the petition for review on January 26, 2011.

13          On March 14, 2011, Petitioner filed a petition for a writ of habeas corpus in the

14  California Supreme Court.  The Supreme Court denied the habeas petition on August 31,

15  2011.

16          On April 13, 2011, while his habeas petition was pending in the California

17  Supreme Court, Petitioner filed a habeas petition in this Court.  The petition was

18  dismissed without prejudice to refiling after the state habeas petition was resolved.  *See*

19  *Sherwood v. Thompkins*, 716 F.2d 632, 634 (9th Cir. 1983).  His appeal of that dismissal

20  is now pending in the United States Court of Appeals for the Ninth Circuit.

21          Petitioner then filed the instant petition.  It was signed on November 1, 2011, and

22  filed and docketed in this Court on November 30, 2011.

**DISCUSSION**

24          Respondent moves to dismiss the petition as untimely.  Under the Antiterrorism

25  and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-

26  capital state convictions or sentences now must ordinarily be filed within one year from

27  the date on which the judgment became final by the conclusion of direct review or the

28                                              2

1   expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  The

2   California Supreme Court denied Petitioner's petition for direct review on January 13,

3   2010.  "[D]irect review" under Section 2244(d)(1)(A) also includes the 90 days in which

4   a defendant may file a petition for a writ of certiorari from the United States Supreme

5   Court.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  As a result, the parties do

6   not dispute that Petitioner's conviction became "final by the conclusion of direct review"

7   on April 13, 2010.  Under Section 2244(d)(1)(A), the statute of limitations began to run

8   on that date, and it expired one year later, on April 13, 2011.

9   The instant petition was filed and docketed on November 30, 2011, but it is

10  deemed filed earlier under the "mailbox rule."  The mailbox rule provides that a filing by

11  a pro se prisoner is deemed filed on the date of its submission to prison authorities for

12  mailing to the court, as opposed to the date of its receipt by the court clerk.  *Houston v.*

13  *Lack*, 487 U.S. 266, 276 (1988).  The mailbox rule applies to the filing of a pro se federal

14  petition for a writ of habeas corpus.  *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir.

15  2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002).

16  Petitioner states in his opposition that he gave his pro se petition to prison authorities for

17  mailing on November 1, 2011, the date he signed the petition.  (Opp. at 2-3.)

18  Respondent has not responded to or disputed this assertion.  Consequently, under the

19  mailbox rule, the instant petition is deemed filed on November 1, 2011.

20  Respondent argues that the mailbox rule should not apply here because Petitioner

21  had the assistance of an attorney in preparing his petition.  In order to benefit from the

22  mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without

23  assistance of counsel, and (2) he must deliver his filing to prison authorities for

24  forwarding to the court.  *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

25  Petitioner is not proceeding with counsel in this case.  Although counsel assisted him

26  preparing his petition, Petitioner states in his opposition that, unlike in *Stillman*, the

27  counsel who was advising Petitioner did not file the petition for Petitioner.  Rather,

28

3

1    Petitioner states that he filed the petition himself, after signing it pro se. (Opp. at 2-3.)

2    *Cf. id.* at 1202. Respondent does not respond to or refute this statement. As Petitioner

3    was responsible for filing the petition himself, he had to give it to prison authorities and

4    rely upon them to mail it. This is precisely the type of scenario – in which an inmate

5    cannot control when a court filing is actually put in the mail – for which the "mailbox

6    rule" was intended. Consequently, the mailbox rule applies to the instant petition, which

7    means that it is deemed filed on November 1, 2011.

8         November 1, 2011, falls 202 days after the filing deadline of April 13, 2011,

9    Consequently, if there are 202 days or more  of tolling, the instant petition is timely. The

10    one-year statute of limitations is tolled under Section 2244(d)(2) for the "time during

11    which a properly filed application for State post-conviction or other collateral review

12    with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2).

13    It is undisputed that Petitioner is entitled to tolling while his habeas petition in the

14    California Supreme Court was pending. Respondent calculates the amount of tolling as

15    170 days, by counting from the date it was filed, on March 14, 2011, to the date it was

16    denied, on August 31, 2011. This is a slight miscalculation. Based upon the "mailbox

17    rule," the pro se state habeas petition is deemed filed on March 10, 2011, the date

18    Petitioner signed it and presumably gave it to prison authorities for mailing, not on the

19    day it was filed.[1] This amounts to 174 days of tolling. There must be at least 28 more

20    days of tolling, therefore, in order for the petition to be timely.

21         Respondent argues that Petitioner's first two post-conviction state court petitions

22    – his petition for mandate in the California Court of Appeal and his petition for review of

23    the California Court of Appeal's decision to the California Supreme Court – do not toll

24

25         [1] The mailbox rule applies to the filing of a state petition for the purposes of
26    calculating the AEDPA limitation period; that is, the one-year limitation period is tolled
     under 28 U.S.C. § 2244(d)(2) starting on the day the prisoner delivers his state petition to
27    prison authorities for forwarding to the court. *Stillman*, 319 F.3d at 1201.

28
                                        4

1   the limitations period under Section 2244(d)(2) because they did not directly challenge

2   the conviction or sentence.  Respondent cites no authority for his position.  The post-

3   conviction petitions for mandate and for review sought review of decisions by the trial

4   court at Petitioner's trial.  As such, the petitions can reasonably be viewed as seeking

5   "collateral review with respect to" Petitioner's trial and eventual judgment.  The fact that

6   the petitions did not directly challenge the conviction or sentence themselves does not

7   matter.  Section 2244(d)(2) does not require that the petitions seek collateral review *"of"*

8   the pertinent judgment or claim, only that they seek "collateral review *with respect to* the

9   pertinent judgment or claim."  28 U.S.C. § 2244(d)(2) (emphasis added).  The petitions

10  for mandate and for review clearly sought review of state trial court proceedings "with

11  respect to the pertinent judgment" that Petitioner is challenging in the instant petition.

12  Consequently, the petitions trigger the tolling mechanism of Section 2244(d)(2).  The 49

13  days of tolling while the petitions for mandate and review were pending in the state

14  courts, plus the tolling for his habeas petition in the California Supreme Court, amounts

15  to 223 days of tolling, which is more than enough to render the instant petition timely.

16      Even if Petitioner was not entitled to the 49 days of tolling during the pendency of

17  the petitions for mandate and for review, the instant petition would still be timely

18  because of equitable tolling.  Equitable tolling is available if a petitioner shows diligence

19  and that some extraordinary circumstance stood in his way and prevented timely filing of

20  the federal petition.  *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner

21  asserts in his opposition that he is entitled to equitable tolling because he was transferred

22  to a different prison when his state habeas petition was denied and prison authorities

23  delayed in forwarding the decision to him.  (Opp. at 4.)  Actions by prison officials that

24  cause impediments to an inmate's timely preparation and filing of a petition have found to

25  justify equitable tolling.  *See*, *e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021,

26  1027-28 (9th Cir. 2005); *Stillman*, 319 F.3d at 1202; *Miles v. Prunty*, 187 F.3d 1104,

27  1107 (9th Cir. 1999).  According to Petitioner, the transfer, in addition to delaying his

28

5

1  receipt of the state court's decision, also delayed his communicating with the attorney

2  who was advising him, the attorney's response, and Petitioner's receiving, reading,

3  signing and submitting the petition to prison officials for mailing. (*Id.*) Respondent does

4  not respond to or oppose these assertions about the impediments and delays that were

5  caused by prison officials' actions in transferring Petitioner. Twenty-eight days is

6  certainly a reasonable amount of equitable tolling based upon these delays and

7  impediments, especially considering the vagaries of processing and receiving mail in a

8  prison environment. Consequently, the petition is timely on equitable tolling grounds

9  even if the limitations period was not tolled under Section 2244(d)(2) based on

10  Petitioner's first two post-conviction petitions.

11           As the petition is timely, Respondent's motion to dismiss must be denied.

12                              **CONCLUSION**

13           For the foregoing reasons,

14           1.      Respondent's motion to dismiss the petition as untimely is DENIED (docket

15  no. 7).

16           2.      Respondent shall file with the Court and serve on Petitioner, within **ninety**

17  **(90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of

18  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

19  should not be granted. Respondent shall file with the answer and serve on Petitioner a

20  copy of all portions of the state trial record that have been transcribed previously and that

21  are relevant to a determination of the issues presented by the petition. If Petitioner wishes

22  to respond to the answer, he shall do so by filing a traverse with the Court and serving it

23  on Respondent within **thirty (30)** days of the date the answer is filed.

24           IT IS SO ORDERED.

25  DATED:  May 29, 2012

26                                        _____
                                          JEFFREY S. WHITE
27                                        United States District Judge

28

1                          UNITED STATES DISTRICT COURT

2                                 FOR THE

3                  NORTHERN DISTRICT OF CALIFORNIA

4

5

6   VASENGA F TILI,

                             Case Number: CV11-05737 JSW

7         Plaintiff,

                            **CERTIFICATE OF SERVICE**

8    v.

9   MICHAEL STAINER et al,

10         Defendant.

  _____/

11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13 That on May 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17 Vasega F. Tili
   F41352
   P.O. Box 7500
18 Crescent City, CA 95531

19 Dated: May 29, 2012

20                            Richard W. Wieking, Clerk
                            By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28