IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VASEGA F. TILI, | ) | No. C 11-5737 (PR) |
| Petitioner, | ) ) | **ORDER DENYING MOTION TO DISMISS; TO SHOW CAUSE** |
| vs. | ) ) | |
| MICHAEL STAINER, Warden, | ) | (Docket No. 7) |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. The Court reviewed the petition and ordered Respondent to show cause why the petition should not be granted based upon the three claims set forth in the petition. Respondent filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition to the motion. Respondent was ordered to file a reply brief but he has not done so or explained why he has not. For the reasons discussed below, the motion to dismiss is denied and Respondent is ordered to answer and address the petition on its merits.

## BACKGROUND

On June 28, 2006, Petitioner was convicted in Alameda County Superior Court of

first-degree murder, and allegations of the use of a firearm were found true. On August 18, 2006, the trial court sentenced him to a term of 50 years to life in state prison. Petitioner appealed, and the California Court of Appeal remanded the case to the trial court on the issue of whether Petitioner's right to counsel was violated. After conducting a hearing, the trial court rejected Petitioner's claim, and Petitioner filed a second appeal. On September 22, 2009, the Court of Appeal affirmed the judgment, and on January 13, 2010, the California Supreme Court denied a petition for review.

On December 8, 2010, Petitioner filed a petition for a writ of mandate in the California Court of Appeal seeking to unseal identifying information about a juror. The Court of Appeal denied the petition on December 15, 2010. On December 21, 2010, Petitioner filed a petition for review of the Court of Appeal's decision in the California Supreme Court. The Supreme Court denied the petition for review on January 26, 2011.

On March 14, 2011, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. The Supreme Court denied the habeas petition on August 31, 2011.

On April 13, 2011, while his habeas petition was pending in the California Supreme Court, Petitioner filed a habeas petition in this Court. The petition was dismissed without prejudice to refiling after the state habeas petition was resolved. *See Sherwood v. Thompkins*, 716 F.2d 632, 634 (9th Cir. 1983). His appeal of that dismissal is now pending in the United States Court of Appeals for the Ninth Circuit.

Petitioner then filed the instant petition. It was signed on November 1, 2011, and filed and docketed in this Court on November 30, 2011.

## DISCUSSION

Respondent moves to dismiss the petition as untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences now must ordinarily be filed within one year from the date on which the judgment became final by the conclusion of direct review or the

2

expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied Petitioner's petition for direct review on January 13, 2010. "[D]irect review" under Section 2244(d)(1)(A) also includes the 90 days in which a defendant may file a petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, the parties do not dispute that Petitioner's conviction became "final by the conclusion of direct review" on April 13, 2010. Under Section 2244(d)(1)(A), the statute of limitations began to run on that date, and it expired one year later, on April 13, 2011.

The instant petition was filed and docketed on November 30, 2011, but it is deemed filed earlier under the "mailbox rule." The mailbox rule provides that a filing by a pro se prisoner is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The mailbox rule applies to the filing of a pro se federal petition for a writ of habeas corpus. *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). Petitioner states in his opposition that he gave his pro se petition to prison authorities for mailing on November 1, 2011, the date he signed the petition. (Opp. at 2-3.) Respondent has not responded to or disputed this assertion. Consequently, under the mailbox rule, the instant petition is deemed filed on November 1, 2011.

Respondent argues that the mailbox rule should not apply here because Petitioner had the assistance of an attorney in preparing his petition. In order to benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Petitioner is not proceeding with counsel in this case. Although counsel assisted him preparing his petition, Petitioner states in his opposition that, unlike in *Stillman*, the counsel who was advising Petitioner did not file the petition for Petitioner. Rather,

Petitioner states that he filed the petition himself, after signing it pro se. (Opp. at 2-3.) *Cf. id.* at 1202. Respondent does not respond to or refute this statement. As Petitioner was responsible for filing the petition himself, he had to give it to prison authorities and rely upon them to mail it. This is precisely the type of scenario – in which an inmate cannot control when a court filing is actually put in the mail – for which the "mailbox rule" was intended. Consequently, the mailbox rule applies to the instant petition, which means that it is deemed filed on November 1, 2011.

November 1, 2011, falls 202 days after the filing deadline of April 13, 2011, Consequently, if there are 202 days or more of tolling, the instant petition is timely. The one-year statute of limitations is tolled under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). It is undisputed that Petitioner is entitled to tolling while his habeas petition in the California Supreme Court was pending. Respondent calculates the amount of tolling as 170 days, by counting from the date it was filed, on March 14, 2011, to the date it was denied, on August 31, 2011. This is a slight miscalculation. Based upon the "mailbox rule," the pro se state habeas petition is deemed filed on March 10, 2011, the date Petitioner signed it and presumably gave it to prison authorities for mailing, not on the day it was filed.[1] This amounts to 174 days of tolling. There must be at least 28 more days of tolling, therefore, in order for the petition to be timely.

Respondent argues that Petitioner's first two post-conviction state court petitions – his petition for mandate in the California Court of Appeal and his petition for review of the California Court of Appeal's decision to the California Supreme Court – do not toll

---

[1] The mailbox rule applies to the filing of a state petition for the purposes of calculating the AEDPA limitation period; that is, the one-year limitation period is tolled under 28 U.S.C. § 2244(d)(2) starting on the day the prisoner delivers his state petition to prison authorities for forwarding to the court. *Stillman*, 319 F.3d at 1201.

4

the limitations period under Section 2244(d)(2) because they did not directly challenge the conviction or sentence. Respondent cites no authority for his position. The post-conviction petitions for mandate and for review sought review of decisions by the trial court at Petitioner's trial. As such, the petitions can reasonably be viewed as seeking "collateral review with respect to" Petitioner's trial and eventual judgment. The fact that the petitions did not directly challenge the conviction or sentence themselves does not matter. Section 2244(d)(2) does not require that the petitions seek collateral review *"of"* the pertinent judgment or claim, only that they seek "collateral review *with respect to* the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2) (emphasis added). The petitions for mandate and for review clearly sought review of state trial court proceedings "with respect to the pertinent judgment" that Petitioner is challenging in the instant petition. Consequently, the petitions trigger the tolling mechanism of Section 2244(d)(2). The 49 days of tolling while the petitions for mandate and review were pending in the state courts, plus the tolling for his habeas petition in the California Supreme Court, amounts to 223 days of tolling, which is more than enough to render the instant petition timely.

Even if Petitioner was not entitled to the 49 days of tolling during the pendency of the petitions for mandate and for review, the instant petition would still be timely because of equitable tolling. Equitable tolling is available if a petitioner shows diligence and that some extraordinary circumstance stood in his way and prevented timely filing of the federal petition. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Petitioner asserts in his opposition that he is entitled to equitable tolling because he was transferred to a different prison when his state habeas petition was denied and prison authorities delayed in forwarding the decision to him. (Opp. at 4.) Actions by prison officials that cause impediments to an inmate's timely preparation and filing of a petition have found to justify equitable tolling. *See*, *e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); *Stillman*, 319 F.3d at 1202; *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). According to Petitioner, the transfer, in addition to delaying his

receipt of the state court's decision, also delayed his communicating with the attorney who was advising him, the attorney's response, and Petitioner's receiving, reading, signing and submitting the petition to prison officials for mailing. (*Id.*) Respondent does not respond to or oppose these assertions about the impediments and delays that were caused by prison officials' actions in transferring Petitioner. Twenty-eight days is certainly a reasonable amount of equitable tolling based upon these delays and impediments, especially considering the vagaries of processing and receiving mail in a prison environment. Consequently, the petition is timely on equitable tolling grounds even if the limitations period was not tolled under Section 2244(d)(2) based on Petitioner's first two post-conviction petitions.

As the petition is timely, Respondent's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely is DENIED (docket no. 7).

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

IT IS SO ORDERED.

DATED: May 29, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VASENGA F TILI,

        Plaintiff,

  v.

MICHAEL STAINER et al,

        Defendant.
                                /

Case Number: CV11-05737 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vasega F. Tili
F41352
P.O. Box 7500
Crescent City, CA 95531

Dated: May 29, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk